# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                       Case No: 6:15-cv-555-Orl-18KRS

DARRYL JERMAINE WALKER,

    Defendant.

## ORDER

THIS CAUSE comes for consideration on the Affidavit of Neutral Access: In Forma Pauperis (Doc. 2) filed in the above-styled case by o' Mekkah El Bey ("El Bey"). (*See id.* at 2.) On April 20, 2015, Judge Spaulding entered a Report and Recommendation (the "Report and Recommendation") (Doc. 3) regarding same. Subsequently, on May 14, 2015, Judge Spaulding entered a Supplemental Report and Recommendation (the "Supplemental Report and Recommendation") (Doc. 6) augmenting the Report and Recommendation pursuant to the Court's order dated May 7, 2015 (Doc. 5). (*See* Doc. 6 at 1 n.1.) In the Supplemental Report and Recommendation, Judge Spaulding recommends that the Court remand this action to the Circuit Court of the Ninth Judicial Circuit Court in and for Orange County, Florida. (*Id.* at 6.) Judge Spaulding further recommends that the Court direct the Clerk to terminate the Affidavit of Neutral Access: In Forma Pauperis. (*Id.*) On June 1, 2015, El Bey filed objections (the "Objections") (Doc. 8) to the Supplemental Report and Recommendation,[1] wherein he states that "this rebuttal brief is now presented in Good Faith [sic] by the pro per advocate in Sui Generis O'Mekkah El Bey Ex Rel plaintiff in rebuttal to the [Supplemental Report and Recommendation] . . . . The Ex

---

[1] Walker titled the Objections as "Notice and Demand Mandatory Judicial Notice." (*See id.* at 1.)

Rel Plaintiff in pro per capacity files absolute objections to the [Supplemental Report and Recommendation], and the time for doing so is ripe." (*Id.*)

## I. BACKGROUND

On April 3, 2015, El Bey, who identifies as the "Pro per advocate for the Defendant in error Walker, Darryl Jermaine" filed a notice of removal (the "Notice of Removal") with this Court. (*See* Doc. 1 at 1, 6.) El Bey states that he is not a lawyer, and the Notice of Removal indicates that that El Bey was removing a criminal case against Walker pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, No. 2014-cf-006378-A-O (the "State Action"), pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.* at 1.) In his Amended Notice of Removal filed on May 18, 2015, El Bey states that "[t]he removed case(s) is a criminal state action launched by the defendant/Affiant OSCO Agent Jerold White filed on January 7[,] 2014 and May 13, 2014 in the . . . 9th Judicial Circuit Court in and for Orange County, [Florida]." (Doc. 7 at 2.) Copies of the arrest warrant, orders from the state proceedings, and other documents were filed with the Notice of Removal. (*See* Doc. 1-1.) Based on the allegations in the Notice of Removal and Amended Notice of Removal, as well as the state court records, the Court surmises that El Bey seeks to remove to this Court a criminal prosecution pending against Walker in state court for submitting false voter registration information in violation of Fla. Stat. § 104.011(2). (*See id.*)

## II. LEGAL STANDARD

A civil action or criminal prosecution may be removed from a state court to a federal district court when the state action is:

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) [f]or any act under color of authority derived from any law providing for equal

rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

28 U.S.C. § 1443.[2] Removal jurisdiction raises unique federalism concerns; thus, a district court must construe removal statutes strictly and doubts concerning jurisdiction should be resolved in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Under 28 U.S.C. § 1443, criminal defendants are entitled to remove their state prosecutions to federal court in extremely limited circumstances." *Florida v. Bugoni*, No. 8:13-cv-653-T-30TBM, 2013 WL 1632134, at *2 (M.D. Fla. Apr. 16, 2013). In order to properly remove a state court action to federal court under § 1443, "the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1294 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Additionally, "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (quoting *Georgia*, 384 at 792). Also, a criminal defendant seeking removal must file a notice "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure [] containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Unless the district court finds that good cause has been shown for untimely filing, the notice must be filed "not later than 30 days after the arraignment [of the defendant] in the State court, or at any time before trial, whichever is earlier . . . ." *Id.* § 1455(b)(1). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4). A district court has the obligation, at the earliest stage possible, to "inquire into

---

[2] Section 1443(2) does not apply in this case because it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *See Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).

subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala.*, 168 F.3d at 410.

### III. ANALYSIS

The Court first notes that El Bey, who is not a named party in the State Action, does not have standing to remove the State Action and cannot represent Walker in this Court.[3] *See* 28 U.S.C. § 1455(a) (permitting a defendant or defendants to remove a criminal prosecution from a state court); *see also Bryant v. Unlimited Path, Inc.*, No. 5:13-cv-343-RS-CJK-, 2014 WL 1796666, at *1-2 (N.D. Fla. May 6, 2014) (noting that the statutory provisions involving removal of civil actions only permit the defendant or defendants in the state court case to remove the case to federal court, citing cases); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court.").

Additionally, El Bey fails to set forth a proper basis for this Court's exercise of removal jurisdiction. To the extent El Bey attempts to assert that the Court may exercise federal question jurisdiction under 28 § U.S.C. 1331 or diversity jurisdiction under 28 U.S.C. § 1332, such averments are without merit. *See* 28 U.S.C. § 1331(a) ("The district courts shall have original jurisdiction of all *civil* actions . . .") (emphasis added); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all *civil* actions . . .") (emphasis added); *see also Georgia v. Stringer*, 2014 WL 3729365, at *3 (N.D. Ga. July 26, 2014) (holding that the court did not have diversity jurisdiction over a criminal action because "§ 1332 only applies to *civil* actions" (emphasis in original)). In this case, as explained *supra*, removal must be appropriate under 28 U.S.C. § 1443(1). Further, an argument that the State Action was properly removed to this Court

---

[3] El Bey wishes to proceed in this case under the name of "o 'Mekkah El Bey," and the Court will treat him as a person distinct from Walker.

under 28 § U.S.C. 1441 is unavailing since § 1441, by its express and specific language, only applies to removal of civil actions. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any *civil* action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).

Although convoluted and at times, indecipherable, El Bey's Amended Notice of Removal includes allegations that removal of the State Action to this Court is based on "specific civil rights statutes pertaining to this case in terms of racial equality [and that the removing defendant] exposed the intent for deprivation and the federal statutes that govern these violator trustees or the trust indenture known as the U.S. Constitution." (*See* Doc. 4 at 10.) However, the laws that are cited in the Amended Notice of Removal do not qualify as federal laws "providing for specific civil rights stated in terms of racial equality." In so finding, the Court notes that the Fifth Amendment, Equal Protection Clause of the Fourteenth Amendment, Due Process Clause of the Fourth Amendment, 18 U.S.C. § 241, the Religious Freedom Restoration Act, and the Drivers' Privacy Protection Act "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." *See, e.g., Marcus v. Galvez*, 522 F. App'x 878, 880 (11th Cir. 2013) (per curiam) (Fifth, Fourth, and Fourteenth Amendments); *JP Morgan Chase Bank, N.A. v. Innes*, No. EP-13-cv-322-KC, 2013 WL 59724078, at *3 (W.D. Tex. Nov. 7, 2013) (18 U.S.C. § 241). To the extent that El Bey includes citations to federal law that do "provid[e] for specific civil rights in terms of racial equality," El Bey still fails to sufficiently allege that he or Walker was denied or cannot enforce such rights in the state court. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (28 U.S.C. § 1443(1) requires that the removing defendant has been denied or cannot enforce a right arising

under a federal law stated in terms of racial equality in the state courts). Also, to the extent the Amended Notice of Removal relies on allegations concerning lack of evidence, judicial bias, motives of state officers, or other similar matters, El Bey fails to sufficiently allege that federal laws involving same have been violated. *See id.* ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).") (citation omitted); *see also Sunflower Cnty. v. Colored Baptist Ass'n v. Trs. of Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966) (the "right to a fair trial" does not support a § 1443(1) removal). In sum, the Court agrees with Judge Spaulding's finding that the Amended Notice of Removal "does not cite to any manifest expression of Florida law that denies Walker a right protected under a federal equal rights statute[, and] [t]here is no showing that Walker's conduct in the submission of allegedly false voter registration is immunized from prosecution by any federal equal rights statute." (Doc. 6 at 12.) The Court further agrees with Judge Spaulding that "none of the assertions in the [Amended Notice of Removal] establish that the very act of being brought to trial in state court for Walker's alleged violation of state law will result in a denial of any federal right falling within the ambit of § 1443(1)." (*Id.*); *see Conley*, 245 F.3d at 1297-98; *see also Cent. Mortg. Co. v. Laskos*, 561 F. App'x 827, 829 (11th Cir. 2014) (holding that removal jurisdiction under § 1443(1) was improper, and finding that "allegations of a state court judge's bias are insufficient to satisfy the second requirement for jurisdiction under § 1443(1)"). As such, this Court lacks removal jurisdiction in this case under § 1443(1). *See Peacock*, 384 U.S. at 828 ("Under [§] 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that

those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.") (citations omitted).

Further, El Bey has failed to comply with the procedural requirements of 28 U.S.C. § 1455. Walker was arraigned in the State Action on November 6, 2014.[4] El Bey did not file the Notice of Removal until April 3, 2015. (*See* Doc. 1 at 1.) El Bey has not presented good cause that may excuse his untimely filing of the Notice of Removal, and this action should therefore be remanded to state court based on its untimely removal. *See Florida v. Sterbenz*, No. 8:11-cv-1575-T-30MAP, 2011 WL 3203735, at *2 (M.D. Fla. July 27, 2011) (citing as a basis for remand that the notice of removal was not filed within 30 days of the arraignment). Additionally, Rule 11 requires a signature from "at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). El Bey is not an attorney or a named party in the underlying State Action; therefore, the submission of the Notice of Removal and Amended Notice of Removal under the name of "El Bey" does not satisfy the requirements of Rule 11.

## IV. CONCLUSION

The Court reviewed the filing in this case, including but not limited to the Notice of Removal (Doc. 1), the Amended Notice of Removal (Doc. 7),[5] the Supplemental Report and Recommendation (Doc. 6), and the Objections (Doc. 8). After de novo review of the portions of the Supplemental Report and Recommendation to which El Bey objected, the Court finds that remand of this action to state court is required and appropriate. Accordingly, the Court hereby **ORDERS and ADJUDGES** that:

---

[4] The Court takes judicial notice of Walker's arraignment date from the Orange County Clerk of Courts online records database, which is available at http://myclerk.myorangeclerk.com/default.aspx. *See Hammond v. Anderson*, No. 8:10-cv-1557-T-30EAJ, 2010 WL 2836716, at *2 n. 1 (M.D. Fla. July 19, 2010) (taking judicial notice of information available on a clerk of court's website).
[5] The Amended Notice of Removal (Doc. 7) filed on May 18, 2015 is a duplicate copy of the notice filed on May 4, 2015. (*See* Doc. 4; Doc. 7).

1. The Supplemental Report and Recommendation (Doc. 6) is **APPROVED** and **ADOPTED**.

2. The Affidavit of Neutral Access: In Forma Pauperis (Doc. 2) is **TERMINATED**.

3. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

4. The Clerk of the Court is directed to transmit a certified copy of this Order of Remand to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida and to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this 24 day of July, 2015.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties